UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


BOYCE MOSS,

       Petitioner,

v.                                                                  Case No.  8:10-cv-1919-T-17TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

       Respondent.
_____

## ORDER

This cause is before the Court on Petitioner Boyce Moss's timely-filed amended 28 U.S.C. § 2254 petition.   Boyce challenges his conviction and sentence entered by the Twelfth Judicial Circuit, Manatee County, Florida.  A review of the record demonstrates that, for the following reasons, the petition must be denied.

### PROCEDURAL HISTORY

On February 14, 2008, the State Attorney charged Moss with one count of driving under the influence with one count of serious bodily injury (count I), and one count of driving under the influence with property damage or personal injury (Count II). (Exh1: Vol. 1: 1-3).   The case proceeded to a jury trial before the Honorable Deborah Riva, Circuit Judge. Moss was represented by Assistant Public Defender Anne Hunter, Esquire. The jury

convicted Moss on both counts as charged. On August 8, 2008, the court sentenced Moss to 110.4 months imprisonment in Count I, and time served on Count II. (Exh 1: Vol. 1: R 44-54). The sentence of 110.4 months was the lowest permissible sentence under the (Florida) Criminal Punishment Code.

## Motion to Correct Illegal Sentence

On February 9, 2009, Moss filed a motion to correct sentencing error pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure. (Exhibit 2). The motion challenged certain financial costs, as well as the imposition of victim injury points absent a jury finding. On February 26, 2009, the state trial court issued an order striking some financial costs, but upholding the imposition of victim injury points based on the case of *Arrowood v. State*, 843 So. 2d 940 (Fla. 1st DCA 2003). (Exhibit 3).

## Direct Appeal

Moss pursued a direct appeal.[1] His appointed counsel, Assistant Public Defender William L. Sharwell, Esquire, filed an initial brief (Exhibit 4) raising two issues:

Issue I

WHETHER FUNDAMENTAL ERROR OCCURRED BECAUSE THE JURY WAS IMPROPERLY INSTRUCTED ON A STATUTORY PRESUMPTION OF IMPAIRMENT?

Issue II

WHETHER THE TRIAL COURT ERRED IN SENTENCING APPELLANT BECAUSE THE ISSUE OF VICTIM INJURY SHOULD HAVE BEEN DECIDED BY THE JURY?

The State filed an answer brief. (Exhibit 5). On September 25, 2009, in Case No.

---

[1] The motion to correct sentencing error and the trial court's order granting relief in part and denying relief in part traveled with the appeal as a supplemental record.

2D08-4133, the appellate court filed a per curiam unwritten opinion affirming Moss's judgment and sentence. (Exhibit 6). *Moss v. State*, 18 So.3d 1047 (Fla. 2d DCA 2008)(table). The court issued the mandate on October 20, 2009. (Exhibit 7).

### Petition Alleging Ineffective Assistance of Appellate Counsel

On June 1, 2010, Moss filed a pro se petition alleging ineffective assistance of appellate counsel pursuant to Rule 9.141(c) of the Florida Rules of Appellate Procedure. (Exhibit 8). Moss again raised the *Apprendi* claim.  Citing *Monnar v. State*, 939 So. 2d 251 (Fla. 1st DCA 2006), Moss alleged appellate counsel was prejudicially ineffective for failing to argue that a more recent holding, and possible conflict, entitled Moss to relief from the sentence imposed. On August 25, 2010, in Case No. 2D10-2616, the Second District Court of Appeal filed an order denying the Rule 9.141(c) petition without discussion. (Exhibit 9). *Moss v. State*, 43 So. 3d 52 (Fla. 2d DCA 2010)(table).

### Rule 3.800(a) Motion to Correct Illegal Sentence

On June 1, 2010, Moss filed a pro se motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Exhibit 10). Moss contended his sentencing scoresheet was incorrect because it included a lewd and lascivious act conviction as part of his prior record. On November 15, 2010, the state trial court issued an order denying the motion to correct  sentence. (Exhibit 11). A review of the circuit court docket shows Moss filed a notice of appeal on November 15, 2010.  The circuit court docket also shows that on December 13, 2010, Moss's motion for extension of time to file an initial brief was granted to the extent that Moss had to file his brief within 30 days of the date of that order. (Exhibit 12 as updated by this Court [See exhibit one to this order.].)

## THE PRESENT PETITION

Moss filed his first § 2254 petition in Case No. 8:10-cv-1130-T-17EAJ on May 14, 2010. On June 10, 2010, this Court denied Moss's request to hold the petition in abeyance to exhaust state remedies and, pursuant to Moss's chosen option, dismissed the petition without prejudice. On October 26, 2010, in the present case, Moss filed a motion for leave to amend his petition with an additional claim. This Court granted the motion and directed Moss to file an amended petition on the proper form. Moss filed the amended petition in the instant case on November 19, 2010. (Doc. 11). The amended petition contains two grounds for relief:

### GROUND ONE

PETITIONER'S CONSTITUTIONAL RIGHTS UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN THE TRIAL COURT INCREASED THE SENTENCE PETITIONER RECEIVED BEYOND THE STATUTORY MAXIMUM WITHOUT A JURY FINDING OF FACT TO SUPPORT SUCH AN INCREASE.

### GROUND TWO

PETITIONER'S CONSTITUTIONAL PROTECTIONS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO PROPERLY ARGUE PETITIONER'S ARGUMENT ON DIRECT APPEAL, TO WIT: A FLORIDA STATE CASE HOLDING EXISTED FROM THE SAME DISTRICT COURT OF APPEAL TO SHOW THAT PETITIONER WAS, IN FACT, ENTITLED TO RELIEF.

## STANDARDS OF REVIEW

### The AEDPA Standard

Moss's petition is governed by the provisions of 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

*Woodford v. Garceau*, 538 U.S. 202 (2003); *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Under AEDPA, this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

<u>Ineffective Assistance of Counsel Standard</u>

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

The same Strickland standard applies whether the courts are considering the performance of counsel at the trial or appellate level. *Eagle v. Linahan*, 279 F.3d 926, 938 (11th Cir. 2001)(citing *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987)). The federal courts have regularly held that appellate counsel is often well advised to choose the most promising arguments and is not obliged to crowd a brief with less promising ones

which may detract. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Moreover, appellate counsel cannot be deemed to have rendered ineffective assistance by failing to brief an issue that was not preserved for appeal or is without merit. *Chandler v. Dugger*, 634 So. 2d 1066, 1068 (Fla. 1994)(cited in *Chandler v. Moore*, 240 F.3d 907, 916 (11th Cir. 2001); *Suarez v. Dugger*, 527 So.2d 190 (Fla. 1988). In this case, the state court's denial of Moss's ineffective assistance of appellate counsel claim is neither contrary to, nor an unreasonable application of, the *Strickland* standard.

## DISCUSSION

## GROUND ONE

Citing *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Moss contends that his constitutional rights were violated when the trial court increased the sentence Moss received beyond the statutory maximum without a jury finding of fact to support such an increase. Specifically, Moss takes issue with the imposition of 40 points on his sentencing scoresheet for "severe injury" to the victim of the vehicle crash. This claim must be denied for the following reasons.

### *Apprendi* and *Blakely* Do Not Apply to This Case

In *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that "[other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." Later, in *Blakely v. Washington,* 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) the Court clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may

impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."

Moss raised the *Apprendi* issue on direct appeal and in his motion to correct sentencing error. In both proceedings, the State correctly argued and the court properly found that *Apprendi* and *Blakely* do not apply because the jury, by convicting Moss of "DUI with serious bodily injury," made the necessary finding under state law for imposition of severe victim injury points.

As the trial court correctly determined in its order denying relief, for the purpose of scoring victim injury on the Criminal Punishment Code scoresheet, a jury's finding of driving under the influence with "serious bodily injury" is a finding of "severe" victim injury for purposes of scoring an additional forty points on the sentencing scoresheet. The state court's order denying Moss's motion to correct illegal sentence reasoned as follows:

> The Defendant now moves to correct an alleged sentencing error. In support thereof, he argues that his sentence violates his right to have a jury find the facts required (other than prior convictions) used to increase his sentence beyond what would otherwise be the statutory maxim, citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004).
>
> In *Apprendi*, the Supreme Court of the United States held that "[other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. *See Kormondy v. State*, 845 So. 2d 41 (Fla. 2003) (any fact that increases the punishment for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."). "In Florida, for purposes of determining a constitutional violation under *Apprendi*, the relevant 'statutory maximum' is found in section 775.082." *Arrowood v. State*, 843 So. 2d 940, 942 (Fla. 1st DCA 2003).
>
> As noted, the Defendant was charged with violation of § 316.193(3)(c)2, Fla. Stat., which provides:

> Any person ... [w]ho, by reason of such operation, causes or contributes to causing ... [s]erious bodily injury to another ... commits a felony of the third degree, punishable as provided in s. 775.082 ...
>
> "For a felony of the third degree, by a term of imprisonment not exceeding 5 years." § 775.082(3)(d), Fla. Stat. The Defendant claims that the inclusion in the sentencing scoresheet of 40 points for severe victim injury was error because the jury did not find severe victim injury. The Court disagrees.
>
> The jury's finding[] of ... DUI serious bodily injuries support the imposition of ... severe victim injury points." *Arrowood*, 843 So. 2d at 941. *See Plummer v. State*, 935 So. 2d 35, 37 (Fla. 1st DCA 2006)("trial court properly assessed scoresheet points for severe bodily injury" where he was convicted of DUI with serious bodily injury); *Fleming v. State*, 2006 WL 1041164, *1 (Fla. 1st DCA)("severe victim injury was found by the jury when it convicted appellant of aggravated battery by causing great bodily harm, permanent disability, or permanent disfigurement"). The court therefore denies the motion as to this ground.

Exhibit 2: Order Denying in Part and Granting in Part Motion to Correct Sentencing Error at pp. 1-3.

Under Florida law the jury, by convicting Moss of driving under the influence with serious bodily injury, found the victim was severely injured. Therefore, the jury's verdict did not lack the necessary finding to support the scoring of severe injury points on the scoresheet, and neither *Apprendi* nor *Blakely* apply. Because the state court correctly identified *Apprendi* and *Blakely* as the governing precedent, Moss is entitled to federal habeas relief only if he demonstrates that the state court decision was based upon an unreasonable determination of the facts, or the decision was an unreasonable application of those precedents. In the instant case, the state trial and appellate courts' decisions resulted in a reasonable determination of the facts and a reasonable application of Supreme Court precedent. Thus, Moss is not entitled to relief on his *Apprendi* claim.

**Harmless Error**

Even if the state court erred in allowing forty victim injury points on the scoresheet, such error was harmless. Apprendi/Blakely error is subject to a harmless error analysis. *See Washington v. Recuenco,* 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006). "[A]n *Apprendi* error does not require reversal of the sentence if that error is harmless." *United States v. Anderson,* 289 F.3d 1321, 1326 (11th Cir.2002); *see also McCoy v. United States,* 266 F.3d 1245, 1252 (11th Cir.2001) (holding that an indictment's failure to allege a drug quantity was subject to harmless error review). In *Anderson,* in the drug quantity context, the court held that "[we] must affirm [the] sentence if the record does not contain evidence that could rationally lead to a contrary finding with respect to drug quantity." *Anderson,* 289 F.3d at 1327.

In his initial brief on direct appeal, Moss's attorney acknowledged the extent and severity of the victim's injuries. The brief states in pertinent part:

> [The victim] hit her head taking out a flap of skin. She bled from the head wound onto her husband. There was a large gash in her right arm. She could not move her arm because of injuries to the shoulder. The head wound required stitches.
>
> [The victim] said she still felt discomfort if head was touched. She felt it when brushing her hair. The top of the shoulder was broken in half but had not moved. A second bone had a spiral fracture. [The victim] had surgery which involved eight screws to stabilize her shoulder. There was permanent injury to her shoulder. There was a scar from the shoulder surgery.
>
> [The victim] underwent rehabilitation for several months to try and get her hand working again. The hand had been crushed. She could not open or close the fingers. [The victim] said she lacked dexterity but was able to function. It took three months before she could write and eat with her right hand. She went to rehabilitation twice a week for seven months.
>
> [The victim] did not have the function she had prior to the accident. She did not have the same motion. She could not lift the same amount of

> weight. She could lay on her back but not her stomach. She lacked the range of motion she had before the injury. The shoulder did not rotate the same way. She said it might not ever come back. She was told it would be eighteen months to two years to get full rotation. After the passing of two years, she did not have full motion.
>
> The injuries affected [the victim's] ability to dress herself. She could not do things behind her back. She could not snap her bra or take her shirt off the way she used to. [The victim] had several stitches from the gash in her forearm. She said she had no feeling in part of the arm. Some feeling had just started to come back. If she scratched her arm she would feel the contact in a different part.
>
> [The victim] said her right hand was crushed. Three fingers were broken. She had to wear a brace for six weeks. There was tendon, joint, and bone damage to the hand. Some of the damage was permanent. The knuckle on the right ring finger was cut open. [The victim] went to rehabilitation for her hand. She was unable to regain full use of her hand. She could not make a complete fist. She had a great deal of flexibility of the hand from therapy. She still could not hold coins or other small things in the hand. [The victim] had no feeling in her kneecap.

Exhibit 3: Initial Brief, at pp. 5-6 (citations to the record omitted). Clearly, the victim in this case suffered injuries that were not only severe, but in some cases, permanent. The record in this case does not contain evidence that could rationally lead to a contrary finding with respect to severe victim injury. Accordingly, the error, if any, in including severe victim injury points on the scoresheet was harmless.

Ground one does not warrant habeas corpus relief.

### GROUND TWO

Moss alleges his appellate counsel was ineffective for failing to properly argue the *Apprendi/Blakely* issue on direct appeal. As a factual basis, Moss contends appellate counsel should have argued that the case of *Monnar v. State*, 939 So. 2d 251 (Fla. 1st DCA 2006), from the same district as the *Arrowood* case, would have established Moss's entitlement to relief. Appellate counsel was not ineffective because the *Monnar* holding

does not apply to the circumstances of Moss's case. In *Monnar*, the defendant was convicted for aggravated battery on a law enforcement officer. The sentencing court imposed victim injury points for severe injury, even though the jury made no specific finding of any level of injury to the victim. Without the inclusion of the victim injury points on his scoresheet, the defendant's maximum guidelines sentence would have been several months less. *Monnar* is distinguishable from Moss's case because the jury convicted Moss of driving under the influence with serious bodily injury. Under state law, DUI with serious bodily injury constitutes a finding of "severe" victim injury for purposes of point-scoring. Had appellate counsel presented the argument suggested by Moss, such argument would have been rejected by the appellate court for lack of merit. Appellate counsel cannot be deemed ineffective for failing to argue this issue. The state appellate court's denial of Moss's ineffective assistance of appellate counsel claim is objectively reasonable under *Strickland*'s two-prong test.

Ground two does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Moss's petition is denied. The Clerk is directed to enter judgment against Moss and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 26, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Boyce Moss

One Exhibit